IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHANICQUA BRYANT, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 21-CV-2886 |
| : | |
| POTTSTOWN SCHOOL DISTRICT, : | |
| *et al.*, : | |
|     Defendants. : | |

## MEMORANDUM OPINION

Plaintiff Shanicqua S. Bryant[1], proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against: (1) the Borough of Pottstown, Pennsylvania; (2) the Pottstown School District; and (3) Officer Anthony Fisher, a Pottstown police officer. Bryant was previously granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and her Complaint is now subject to the screening requirements under the statute. 28 U.S.C. § 1915(e)(2)(B). For the following reasons, Bryant's Complaint is dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and Bryant will be granted leave to file an amended complaint.

I.     FACTUAL ALLEGATIONS

The factual allegations in Bryant's Complaint are very sparse. Bryant asserts that this is a § 1983 civil rights case concerning unspecified events that took place on or about February 21, 2020 at an unidentified location in Pottstown, Pennsylvania. Bryant does not allege any specific facts in support of her civil rights claims under § 1983. She alleges only that her Complaint "is

---

[1] At the time the Plaintiff initiated this action, her name was Shanicqua S. Aponte. On October 5, 2021, she informed the Clerk of Court of a recent name change to Shanicqua Bryant. Accordingly, she is referred to by the last name Bryant throughout this Memorandum.

[an] attachment to an appeal at due process hearing" and that "[b]oth [her] Complaint and [the] final decision being appealed [are] attached."

While Bryant's Complaint itself is lacking in specifics, attached to her Complaint is a "Final Decision and Order" (hereinafter, "FDO") issued by a Pennsylvania Special Education Hearing Officer on April 5, 2021, which illuminates the events giving rise to the instant action. It appears from the FDO that Bryant is the mother of a minor child with special-needs, D.H.[2], who is a student in the Pottstown School District. With respect to the events of February 21, 2020, the FDO sets forth that D.H. was involved in an altercation with another student during which he ultimately elbowed his one-on-one aide in the face. This altercation resulted in the school resource officer—Defendant Fisher, an employee of the Pottstown Police Department — handcuffing D.H., taking him into custody, and transporting him to the police department. Although the aide did not want criminal charges filed against D.H., sometime in the summer of 2020, Bryant "received notice that criminal charges had been filed against [D.H.] as a result of the February 21, 2020 incident."

Following the notice, the FDO provides that Bryant filed "a due process complaint alleging that [(1):] the student's [Individualized Education Plan ("IEP")] violated [the Individuals with Disabilities Education Act ("IDEA")] by failing to adequately address the student's problem behaviors and . . . [(2):] the school district violated [the] IDEA by failing to properly train the school resource officer at the school attended by the student." Bryant's due

---

[2] The FDO appended to Bryant's Complaint provides the full name of her minor child, in contravention of Rule 5.2 of the Federal Rules of Civil Procedure. The rule provides, "Unless the court orders otherwise, in an electronic or paper filing with the court that contains . . . the name of an individual known to be a minor. . . a party or nonparty making the filing may include only: the minor's initials." Fed. R. Civ. P. 5.2(3); *see also* E.D. Pa. Civ. R. 5.1.3, 12(b) ("[N]ames of minor children should be modified or partially redacted in all documents filed either in traditional paper form or electronically."). In the interest of protecting Bryant's minor child's privacy, electronic access to her original complaint is limited to a "case-participant only" basis. If Bryant chooses to file any additional documents or pleadings in this action, she must comply with Rule 5.2(a)(3) and the Local Rules of this District.

process complaint "also contained allegations that contested the filing of criminal charges against the student by the [Pottstown] police department and alleging a Section 1983 constitutional violation involving state-created danger on the part of the school district."

In the FDO, the Special Education Hearing Officer noted that he granted a partial motion to dismiss prior to the hearing and dismissed the following claims: (1) all claims related to "alleged constitutional violations by a school district" which were dismissed for lack of jurisdiction; and (2) all claims against the police department which were dismissed "because the police department cannot be a proper party to a special education hearing[.]"  With those claims dismissed, the Hearing Officer conducted a virtual hearing and heard testimony from five witnesses.  The Hearing Officer found that D.H.'s "IEPs appropriately addressed the student's problem behaviors and that the school district did not deny a free appropriate public education to the student."  Moreover, the Hearing Officer also found that the "school district did not deny a free appropriate public education to the student by failing to appropriately train the school resource officer."

In the Complaint, Bryant asserts that as a result of the February 21, 2020 incident and the events that followed, which presumably include the due process proceedings, she suffered "severe emotional distress, exasperation of current medical issues" and has been treated for "elevation of blood pressure which then caused other medical issues with [her] kidneys."  Bryant seeks $100,000 from each Defendant and demands a jury trial.

I.     **STANDARD OF REVIEW**

The Court previously granted Bryant leave to proceed *in forma pauperis* because it appeared that she was incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915 requires the Court to dismiss the Complaint if, among other things, it fails to

state a claim.  28 U.S.C. §1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim on which relief may be granted."). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Ke v. Pa. State Emps. Retirement Sys.*, 838 Fed. App'x 699, 702 (3d Cir. 2020).  Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) ("At this early stage of the litigation, [w]e accept the facts alleged in [Plaintiff's *pro se*] complaint as true, draw[] all reasonable inferences in [the plaintiff's] favor, and ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim." (alterations in original) (internal quotations omitted)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Bryant is proceeding *pro se*, the Court construes her allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

Separate and apart from 28 U.S.C. §1915(e)(2)(B)(ii), a complaint may also be dismissed for failing to comply with Federal Rule of Civil Procedure 8.  *Garrett v. Wexford Health*, 938 F.3d 69, 91-92 (3d Cir. 2019).  To conform to Rule 8, "a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief." *Id.* at 92.  Determining whether a pleading meets Rule 8's "plain" statement requirement demands an inquiry as to "whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Id.* at 93.  A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and

"even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94. It follows that "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93. That said, dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Id.* at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

## II.   DISCUSSION

Although the Complaint contains few factual allegations, liberally construed, Bryant's Complaint is most appropriately understood as attempting to raise: (1) civil rights claims under § 1983 against the Pottstown School District, the Borough of Pottstown, and Officer Fisher for alleged constitutional violations arising from the incident on February 21, 2020 involving her minor child, D.H.; and (2) claims under the IDEA with respect to the FDO issued on April 5, 2021 by the Pennsylvania Special Education Hearing Officer.[3]

---

[3] It is unclear from the Complaint whether Bryant seeks to raise these claims on her own behalf, on behalf of her minor child, D.H., or both. To the extent Bryant seeks to raise any claims on behalf of her minor child, she is prohibited from doing so. A *pro se* litigant who is not an attorney may not pursue claims on behalf of anyone other than herself. Accordingly, because Bryant is appearing *pro se* and is not an attorney, she may not bring claims on behalf of her minor child. *See Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991). This prohibition applies to both IDEA claims and civil rights claims. While a parent may separately bring claims for violations of her *own* independent rights under the IDEA, *see Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 529 (2007), a parent or guardian who is not an attorney may not pursue IDEA claims *pro se* on behalf of her child. *See, e.g.*, *I.K. ex rel. B.K. v. Haverford Sch. Dist.*, 567 Fed. App'x 135, 136 n.1 (3d Cir. 2014) (per curiam); *Chambers ex rel. Chambers v. Sch. Dist. of Phila. Bd. of Educ.*, 587 F.3d 176, 183 n.9 (3d Cir. 2009). Nor may a parent or guardian who is not an attorney pursue civil rights claims on behalf of a minor child. *See Osei-Afriyie*, 937 F.2d at 882-83. Therefore, throughout this decision assumes Bryant is raising claims solely on her own behalf, and addresses these claims accordingly.

To the extent Bryant seeks to allege any civil rights violations, her claims are governed by § 1983, the statutory vehicle by which federal constitutional claims may be heard in federal court.  Section 1983 provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Additionally, "[t]he IDEA creates a 'right, enforceable in federal court, to the free appropriate public education required by the statute.'"  *Smith v. Robinson*, 468 U.S. 992, 1002 n.6 (1984), *superseded on other grounds by statute*, Handicapped Children's Protection Act of 1986, 100 Stat. 796, *as recognized in Fry v. Napoleon Community Schs.*, 137 S. Ct. 743.  The Third Circuit has recognized that "parents undoubtedly have substantive rights under the IDEA that they may enforce by prosecuting claims brought under that statute on their own behalf."  *See Chambers ex rel. Chambers*, 587 F.3d at 183 (3d Cir. 2009) (citing *Winkelman ex rel. Winkelman v. Parma City School Dist.*, 550 U.S. 516, 526 (2007).

With respect to any alleged civil rights violations, Bryant's Complaint fails to state a plausible claim under § 1983.  Bryant does not sufficiently describe what action (or inaction) any of the named Defendants took that caused a violation of **her** Constitutional rights with respect to the February 21, 2020 incident at D.H.'s school.  Rather than set forth factual allegations regarding the "who, what, when, where, and how" relevant to her claims, Bryant simply attached

the FDO to her Complaint and alleged broadly that she was bringing a civil rights claim under § 1983.  She does not allege that she had any involvement with any of the Defendants with respect to the February 21, 2020 incident at D.H.'s school.  As currently pled, the Complaint does not comply with the requirements of Rule 8 because it does not provide enough information to put any Defendant on sufficient notice to prepare a defense, nor does the Complaint adequately inform the Court of the issues that need to be determined in this matter.  Accordingly, the Court will dismiss Bryant's civil rights claims brought under § 1983 for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  However, Bryant will be given leave to file an amended complaint within thirty (30) days of the date of this Memorandum and its accompanying Order.  Any amended complaint should clearly describe the factual basis for Bryant's civil rights claims against the named Defendants.

Similarly, Bryant's Complaint suffers from the same defect with respect to any potential claims she seeks to raise under the IDEA on her own behalf.  The Complaint fails to set forth sufficient facts to allege a claim for violations of her own substantive rights as a parent under the IDEA.  She does not specify which of her rights under the IDEA were violated, nor how any action (or inaction) on the part of the Pottstown School District, or any named Defendant,[4] caused the violation.  This lack of factual allegations leaves the Court and Defendants to speculate as to the nature of her claims and the issues that need to be resolved, which does not

---

[4] The lack of factual detail in the Complaint also makes it difficult to assess whether Bryant has named the proper parties as Defendants on her IDEA claims.  In general, the only proper parties on an IDEA claim are state educational agencies, state agencies, or local educational agencies, like a local school district or state education department.  *See, e.g.*, *Dunn–Fisher v. District School Board of Collier County,* 2011 WL 4632568, *8 (M.D. Fla. Aug. 30, 2011), *recommendation adopted,* 2011 WL 4632490 (M.D. Fla. Oct. 5, 2011) ("[U]nder the IDEA, proper parties include school boards and agencies receiving federal funds who are involved in the provision of special education services, not individuals who are employed by such agencies.").  Accordingly, it appears that the Borough of Pottstown and Officer Fisher, may not be proper parties to such a claim.  To the extent Bryant seeks to amend her complaint and assert an IDEA claim against these Defendants, and not just against the Pottstown School District, she must allege sufficient facts to demonstrate that these Defendants are proper parties to such a claim.

comply with the requirements of Rule 8. Accordingly, the Court will also dismiss Bryant's IDEA claims without prejudice. Bryant will again be given leave to file an amended complaint with respect to her IDEA claims as well. Any amended complaint should also clearly describe the factual basis for her IDEA claims.[5]

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss Bryant's Complaint without prejudice. Bryant will be permitted to file an amended complaint in the event she can cure the defects the Court has identified with respect to her claims under § 1983 and the IDEA. An appropriate Order follows.

**BY THE COURT:**

**/s/Wendy Beetlestone, J.**

**WENDY BEETLESTONE, J.**

---

[5] It is unclear from the Complaint whether Bryant exhausted her administrative remedies under the IDEA prior to filing this action. "Failure to exhaust administrative remedies under the IDEA is jurisdictional." *Blunt v. Lower Merion Sch. Dist.*, 559 F. Supp. 2d 548, 557 (E.D. Pa. 2008), *aff'd*, 767 F.3d 247 (3d Cir. 2014). In light of Bryant's *pro se* status, the Court will grant her leave to file an amended complaint in the event she can allege a claim under the IDEA which has been properly exhausted.