IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHANICQUA BRYANT,** | : | |
|     **Plaintiff,** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 21-CV-2886** |
| | : | |
| **POTTSTOWN SCHOOL DISTRICT,** | : | |
| *et al.*, | : | |
|     **Defendants.** | : | |

## MEMORANDUM OPINION

*Pro se* Plaintiff Shanicqua S. Bryant[1] asserts civil rights claims pursuant to 42 U.S.C. §1983 against: (1) the Pottstown School District ("the District") and (2) the Borough of Pottstown ("the Borough"). Bryant was previously granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Her initial Complaint was dismissed without prejudice for failure to state a claim. Bryan has since filed an Amended Complaint. For the reasons that follow, the Amended Complaint will also be dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Bryant will be granted leave to file a second amended complaint.

**I.   BACKGROUND**

This case arises out of disputes Bryant has had with the District and the Borough about her son's conduct at school. Bryant's son, D.H., is a special needs student. On February 21, 2020, D.H. was involved in an altercation with another student during which he elbowed a District employee in the face. The employee (but not the District or the Borough) filed criminal

---

[1] At the time the Plaintiff initiated this action, her name was Shanicqua S. Aponte. On October 5, 2021, she informed the Clerk of Court of a recent name change to Shanicqua Bryant. Accordingly, Bryant is referred to by her last name throughout this Memorandum.

charges against D.H. Following the incident, D.H.'s Individualized Education Plan ("IEP")[2] team convened and adopted various behavioral supports in an effort to avoid such events in the future.

Sometime thereafter, Bryant requested a hearing with the Bureau of Special Education.[3] At the hearing, Bryant argued that: (1) the District denied D.H. an appropriate education because the IEPs failed to appropriately address his problem behaviors; and, (2) the District denied D.H. an appropriate education because it failed to train the resource officer who restrained D.H. during the altercation. On April 5, 2021, the Hearing Officer presiding over the matter issued an opinion finding that Bryant had failed to prove either of her contentions.

Bryant now seeks to "appeal" the decision of the Board. She also asserts that the District "discriminated" against her because Superintended Stephen Rodriguez allegedly failed to respond to her numerous complaints over the last four years. Bryant seeks: (1) $150,000 from each Defendant; (2) punitive damages against the Borough; and, (3) a "review [the April 5, 2021] due process hearing officer decision and [a] revers[al] [of the] issues plaintiff claims he got wrong."

## II.    STANDARD OF REVIEW

Bryant was previously granted leave to proceed *in forma pauperis* because it appeared that she was incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires dismissal the Amended Complaint if, among other things, it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). Whether a complaint fails to state a claim under

---

[2] An IEP is an education plan designed to fit the disabled child's educational needs.

[3] The above facts are derived from the Amended Complaint and the Special Education Hearing Officer's decision and order which Bryant attached to her Complaint. The Court takes judicial notice of the latter. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

§ 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Ke v. Pa. State Emps. Ret. Sys.*, 838 F. App'x 699, 702 (3d Cir. 2020).  Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Conclusory allegations do not suffice.  *Id*. at 678.  As Bryant is proceeding *pro se*, her allegations are construed liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

### III. DISCUSSION

When construed liberally, Bryant's Amended Complaint is most appropriately understood as raising the following types of claims: (1) Section 1983 civil rights claims against the District and the Borough; and, (2) claims under the Individuals with Disabilities Education Act ("IDEA") against the District with respect to the Pennsylvania Special Education Hearing Officer's decision.[4]

#### A. Section 1983 Claims

To the extent Bryant alleges any civil rights violations, her claims are governed by

---

[4] It is unclear from the Amended Complaint whether Bryant seeks to raise these claims on her own behalf, on behalf of her minor child, D.H., or both.  To the extent Bryant seeks to raise any claims on behalf of her minor child, she is prohibited from doing so.  A *pro se* litigant who is not an attorney may not pursue claims on behalf of anyone other than herself.  Accordingly, Bryant may not bring claims on behalf of D.H.  *See Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991).  This prohibition applies to both the IDEA claims and civil rights claims.  While a parent may separately bring claims for violations of her own independent rights under the IDEA, *Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 529 (2007), a parent or guardian who is not an attorney may not pursue IDEA claims *pro se* on behalf of her child.  *See I.K. ex rel. B.K. v. Haverford Sch. Dist.*, 567 F. App'x 135, 136 n.1 (3d Cir. 2014) (*per curiam*); *Chambers ex rel. Chambers v. Sch. Dist. of Phila. Bd. of Educ.*, 587 F.3d 176, 183 n.9 (3d Cir. 2009).  Nor may a parent or guardian who is not an attorney pursue civil rights claims on behalf of a minor child.  *See Osei-Afriyie*, 937 F.2d at 882-83.  Therefore, the Amended Complaint is construed to raise only Bryant's claims.

Section 1983, the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under [Section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Bryant alleges that the District violated her right under the Fourteenth Amendment because the District "discriminate[d] against her because of her race." "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws.'" *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). To establish an equal protection violation pursuant to Section 1983, a plaintiff must allege "that [s]he was treated differently than other similarly situated [individuals], and that this different treatment was the result of intentional discrimination based on [her] membership in a protected class." *Mack v. Warden Loretto FCI*, 839 F.3d 286 (3d Cir. 2016) (citing *Hassan v. City of N.Y.*, 804 F.3d 277, 294, 298 (3d Cir. 2015)). To state a race-based equal protection claim, a plaintiff must allege that defendants were motivated by racial animus. *W.B. v. Matula*, 67 F.3d 484, 503 (3d Cir. 1995) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *Pratt v. Thornburgh*, 807 F.2d 355, 357 (3d Cir. 1986)).

Bryant alleges that the District, through its Superintendent, "discriminate[d] against her because of her race" because it ignored her attempts to advocate on D.H's behalf. However, while she claims that Superintendent Rodriguez responded to other parents "whose children also have special needs," Bryant does not allege any other facts to support the notion that Rodriguez was motivated by racial animus when he allegedly ignored her inquiries. Bryant's generalized allegation of discrimination is thus insufficient to plausibly state an equal protection claim.

4

Moreover, the Amended Complaint does not contain allegations sufficient to establish liability against the District or the Borough. To state a claim against a local governmental entity, a plaintiff must allege that the defendant's "policies or customs," caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).

Bryant has not alleged a plausible basis for municipal liability against the District because nothing in the Amended Complaint suggests that the alleged violations of Bryant's rights stemmed from a municipal policy or custom. *See id.*; *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009) (explaining that the plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard). Accordingly, Bryant's Section 1983 claim against the District will be dismissed.

Similarly, Bryant's Section 1983 claims against the Borough fail because nothing in the Amended Complaint suggests that the alleged violations of Bryant's rights stemmed from a policy or custom. *McTernan*, 564 F.3d at 658. Rather, it appears that Bryant seeks to hold the Borough vicariously liable for its employees' actions; here, the alleged actions of Officer Fisher and the Borough police chief, who are not named as defendants. Municipalities, however, "are not vicariously liable under [Section] 1983 for their employees' actions." *Connick*, 563 U.S. at 60; *Monell*, 436 U.S. at 691 ("[A] municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under [Section] 1983 on a respondeat superior theory.") (emphasis in original). Because Bryant has not identified a Borough custom or policy that caused a constitutional injury, her Section 1983 claim against the Borough will also be dismissed.

### B. IDEA Claim

Bryant also appears to challenge, pursuant to the IDEA, the April 5, 2022 decision issued by the Pennsylvania Special Education Hearing Officer after a due process hearing. "Under the IDEA, a state receiving federal educational funding must provide children within that state a 'free appropriate public education,'" by creating an "Individualized Education Plan" designed to fit the child's needs. *C.H. v. Cape Henlopen Sch. Dist.*, 606 F.3d 59, 65 (3d Cir. 2010); *P.P. ex rel. Michael P. v. W. Chester Area Sch. Dist.*, 585 F.3d 727, 729-30 (3d Cir. 2009). The IDEA also provides procedural safeguards to parents and students should disputes arise. Its provisions afford parents of a disabled child the opportunity to present a complaint "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6)(A).

As a threshold matter, Bryant's Amended Complaint fails to set forth sufficient facts to allege plausible claims for violations of her own substantive rights as a parent under the IDEA. Bryant does not specify which of her rights under the IDEA were violated, nor how any action (or inaction) on the part of the District impacted D.H. "with respect to any matter relating to the identification, evaluation, or educational placement of [D.H.], or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6)(A). Moreover, the lack of factual allegations leaves Defendants with little information as to the nature of her claims, thus failing to comply with the requirements of Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019) (noting that under Rule 8, a pleading cannot be "so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond.") Accordingly, Bryant's IDEA claims will be dismissed without prejudice. Bryant will be

6

afforded one more opportunity to file an amended complaint with respect to her IDEA claims. Any amended complaint should clearly describe the factual basis for her claims.[5]

IV. **CONCLUSION**

For the foregoing reasons, Bryant's Amended Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The dismissal will be without prejudice to Bryant such that she can file a second amended complaint within thirty (30) days to clarify her claims and cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

An appropriate order follows.

**BY THE COURT:**

*/s/ Wendy Beetlestone*

**WENDY BEETLESTONE, J.**

---

[5] It is unclear from the Amended Complaint whether Bryant exhausted her administrative remedies under the IDEA prior to filing this action. "Failure to exhaust administrative remedies under the IDEA is jurisdictional." *Blunt v. Lower Merion Sch. Dist.*, 559 F. Supp. 2d 548, 557 (E.D. Pa. 2008), *aff'd*, 767 F.3d 247 (3d Cir. 2014). This deficiency was raised in the October 21, 2020 Memorandum dismissing Bryant's initial Complaint. In light of Bryant's *pro se* status, she will be granted leave to file a second amended complaint in the event she can allege a claim under the IDEA that has been properly exhausted.